IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL CASE NO. 15-454-PWG** |
| **JOHN GATES** | * | **(Civil Case No.: 20-1580-PWG)** |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Pending before me is Defendant's Motion to Vacate his conviction for violation of 18 U.S.C. § 922(g), which makes it unlawful for certain individuals, including those with prior felony convictions, to possess firearms. ECF No. 273. Defendant's Motion to Vacate was filed pursuant to 28 U.S.C. § 2255(a), which permits a prisoner to file a motion to vacate, set aside, or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States[.]" Where, as here, the Defendant raises a claim that is procedurally defaulted, but does not raise claim of "actual innocence," the Defendant must demonstrate cause for the procedural default as well as "actual prejudice." *U.S. v. Frady*, 456 U.S. 152, 167-68 (1982); *Bousely v. United States*, 523 U.S. 614, 621 (1998). For the reasons explained in this Memorandum Order, I find that while the Defendant has shown cause for the procedural default, he has failed to demonstrate actual prejudice. Accordingly, Defendant's Motion is DENIED and this case shall be closed. Defendant shall be granted 60 days from the date of this order to file a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b)(6), identifying any actual prejudice he contends that he suffered as a result of the alleged violation.

Defendant's Motion to Vacate was filed in light of the Supreme Court's then-recent decision in *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), which held that the

government "must prove both that the defendant knew he possessed a firearm and knew that he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. The holding in *Rehaif* marked a drastic departure from longstanding Fourth Circuit precedent that did not view a defendant's knowledge of their own prohibited status as an element of an offense under Section 922(g). *See United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995). Defendant argues in his Motion to Vacate that, because the Court accepted his guilty plea without advising him of the element requiring knowledge of his prohibited status, the plea was not knowingly and intelligently made and thus violated the Due Process Clause of the Constitution, as well as Fed. R. Civ. P. 11(b)(G). Motion to Vacate at 2. In other words, Defendant argues that *Rehaif* renders his guilty plea void.

Following the nation-wide explosion of challenges to convictions under the well-established standard that long was in existence prior to the *Rehaif* decision, the Supreme Court, in *United States v. Greer*, 141 S. Ct. 2090 (2021), clarified the standard applicable to alleged *Rehaif* errors:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Greer*, 141 S. Ct. at 2097.

Following the Supreme Court's decision in *Greer*, the Fourth Circuit explained that there "may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms." *Id.* (quoting *Greer*, 141 S. Ct. at 2097). "[F]or example, where a defendant was previously convicted of a crime *punishable* by imprisonment for a term exceeding one year, but was sentenced to a term less than a year or to probation . . . [he] may not have been aware of what punishments were *permitted* for his prior conviction, and thus that he was considered a felon under § 922(g)(1)." *Id.* Absent such a showing, however, an "appellate court will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id.*

"There is no question that [Defendant] here has cause for failing to raise the issue of knowledge as an element previously because *Rehaif* was not announced until after he had already entered his plea and received his sentence." *United States v. Dempster*, No. CR PJM 14-0024, 2022 WL 486791, at *3 (D. Md. Feb. 17, 2022). However, because Defendant's Motion to Vacate does not allege that he suffered any actual prejudice as a result of the court's failure to advise him of the knowledge element, (*i.e.*, that, had he been properly informed of the "knowledge" element of a felon-in-possession charge, he would have presented evidence that he was not aware of his status as a felon, and that this evidence would have been sufficient to raise a reasonable probability that he would not have been convicted) his Motion must be denied. *Bousely*, 523 U.S. at 622. In light of the developments in the relevant law in the time since his Motion was filed, Defendant shall be granted 60 days from the date of this Memorandum Order to file a motion for relief from

a judgment or order under Federal Rule of Civil Procedure 60(b)(6), identifying any actual prejudice he suffered as a result of the alleged *Rehaif* violation.

It is for the reasons explained above therefore ORDERED that:

1. Defendant's Motion to Vacate, ECF No. 273, is DENIED.

2. Defendant may, within sixty (60) days of the date of this Memorandum Order, file a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b)(6), identifying any actual prejudice he suffered as a result of the error alleged in his Motion to Vacate.

3. The Clerk is directed to CLOSE this case.

Dated: November 7, 2022                                     /S/
                                                      Paul W. Grimm
                                                      United States District Judge